IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES WESTERBY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0126 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
FOR FAILURE TO PAY FILING FEE AND
FOR LACK OF SUBJECT MATTER JURISDICTION**

Petitioner CHARLES WESTERBY has filed with this Court a predominately incoherent and unintelligible pleading which has been construed as a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner did not submit his pleading on the form petition required by the Court, nor has he tendered any payment to satisfy the requisite filing fee or submitted an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends petitioner's application be DISMISSED.

I.
FAILURE TO PAY FILING FEE

Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee, nor did he submit an Application to Proceed *In Forma Pauperis* or a certified *in forma pauperis* data sheet from the institution in which he is confined. It is petitioner's obligation to ensure that the filing fee is submitted to the Court or that permission to proceed *in forma pauperis* is received in lieu of the filing fee. Because petitioner has failed to pay the requisite filing fee in this case, or obtain permission to proceed without payment of the filing fee, it is the opinion of the undersigned that petitioner's case should be DISMISSED.

II.
PERMISSION TO FILE APPLICATION

Petitioner has filed with this Court a prior federal application for a writ of habeas. *See Westerby v. Dretke*, No. 2:02-CV-0260, filed September 12, 2002. Title 28 U.S.C. § 2244(b)(2) permits a district court to consider a claim presented in a second or successive habeas application[1] that was not presented in a prior application if the claim (1) relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) is based on a factual predicate that could not have been discovered previously through the exercise of due diligence and which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found petitioner guilty of the

---

[1] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's first habeas application, appears to challenges petitioner's custody pursuant to his conviction for the offense of aggravated sexual assault of a child in Cause No. 4872-C-1 in the 251st Judicial District Court of Randall County, Texas.

underlying offense. In the instant case, however, it is not necessary to determine whether this Court may consider petitioner's claims presented in the current petition because petitioner has failed to fulfill the preliminary procedural filing requirements pertaining to successive petitions.

Title 28 U.S.C. § 2244(b)(3)(A) provides that *before* a second or successive application permitted by section 2244(b)(2) is *filed* in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 116 S.Ct. 2333, 2337 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.*, 116 S.Ct. at 2340. Permission may be obtained only by filing, with the appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

In the instant application, petitioner has not made any showing of having obtained authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this, his second, federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition with this Court as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for

relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2244(b)(3)(A).

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner CHARLES WESTERBY be, in all things, DISMISSED for failure to pay the $5.00 filing fee. It is the further RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner CHARLES WESTERBY be, in all things, DISMISSED for lack of jurisdiction.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of May 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).